**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | **CRIMINAL NO. 2:12-CR-66-DBH** |
| **v.** | ) | **CIVIL NO. 2:16-CV-258-DBH** |
| | ) | |
| **WILLIE REMBERT,** | ) | |
| | ) | |
| **DEFENDANT/PETITIONER** | ) | |

**ORDER ON DEFENDANT'S FILING**

On May 24, 2017, I granted the defendant's motion to withdraw his then pending petition under 28 U.S.C. § 2255 without prejudice. The motion to withdraw was filed by a lawyer in the Federal Defender's office, who then was representing the defendant. That lawyer had filed the original petition on the defendant's behalf on May 20, 2016. (ECF No. 76.) Thereafter, and before the motion to withdraw the petition was filed, the Supreme Court decided <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017).

Now the defendant has filed a copy of the original petition, still reflecting the signature by the lawyer, but re-dated to a date in the future, namely, 10/12, 2018. (ECF No. 85-1.) Obviously, the petition as drafted in 2016 does not deal with the impact of the 2017 decision in <u>Beckles</u>. I also note that the envelope containing it shows that it came directly from a Federal Correctional Institution. At my request, the Clerk's Office contacted the lawyer in the Federal Defender's Office, and he said that he had nothing to do with the new filing.

I conclude, therefore, that the defendant's photocopying of the 2016 filing, with merely a re-dating of the document, does not amount to a motion on which any action needs to be taken.

**NO ACTION NECESSARY. SO ORDERED.**

**DATED THIS 24TH DAY OF SEPTEMBER, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**