UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| WILLIE REMBERT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | 2:12-cr-00066-DBH |
| v. | ) | 2:18-cv-00487-DBH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

# RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 87.) The Government asks the Court to dismiss the matter. (Response, ECF No. 93.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following a guilty plea, Petitioner was convicted in 2013 of possession with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(C); on November 20, 2013, the Court sentenced Petitioner to a term of 132 months in prison, to be served concurrently with a 51-month revocation sentence.[1] (Judgment, ECF No. 72 at 1-2.) Petitioner did not appeal from the Court's judgment.

---

[1] The revocation judgment and 51-month concurrent sentence is docketed at *United States v. Rembert*, No. 2:01-cr-00107-DBH, ECF No. 69.

On May 20, 2016, counsel filed Petitioner's first section 2255 motion to challenge the judgment; the motion contained a request for relief under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (holding the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), *i.e.*, section 924(e)(2)(B), is unconstitutionally vague). (Motion, ECF No. 76.) The Court ordered the Government to answer (Order, ECF No. 77), and the Government filed a motion to stay pending the Supreme Court's decision in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 890

---

Before the Court imposed the 132-month sentence Petitioner challenges in the pending section 2255 motion, the Court calculated the advisory sentencing guidelines range as follows: The Court applied a base offense level of 32, rather than the base offense level of 38 set forth in the revised presentence investigation report, and the Court declined to apply the two-level enhancement for the maintenance of a drug premises set forth in the report. (Report, ¶¶ 11, 13; Statement of Reasons at 1.) Thus, the Court's adjusted offense level was 32, rather than the adjusted offense level of 40 set forth in the report. (Report, ¶ 17; Statement of Reasons at 1.) The Court reduced the offense level by three for Petitioner's acceptance of responsibility, as provided in the report, and the Court found the total offense level was 29. (Report, ¶¶ 19-21; Statement of Reasons at 1.)

The Court calculated the criminal history category, and consequently the guidelines range, based on Petitioner's career offender status, pursuant to USSG § 4B1.1(b) (stating in relevant part that "[a] career offender's criminal history category in every case under this subsection shall be Category VI"). (Report, ¶¶ 18, 42, 43; Statement of Reasons at 1.) One of Petitioner's two career offender predicate offenses was the Maine robbery conviction that is the subject of Petitioner's pending section 2255 motion. (Report, ¶ 32; Motion at 4.) The revised presentence investigation report explained that the Law Court vacated the robbery conviction; on remand, the trial court evidently let stand the conviction on the lesser included offense of assault, as the trial court imposed a two-and-one-half-year sentence, and it released Petitioner on time served. (Report, ¶ 32.) *State v. Rembert*, 658 A.2d 656, 657-58 (Me. 1995) (concluding "the court erred by refusing to instruct the jury on the lesser included offense of assault," 17-A M.R.S. § 207).

Because, as explained in the revised presentence investigation report and as determined by the Court, Petitioner's classification as a career offender increased his criminal history category from an otherwise applicable category V, the career offender classification increased the advisory guidelines range; if the criminal history category had been V rather than VI, the guidelines range would have been 140-175 months, rather than 151-188 months. (Report, ¶¶ 18, 42, 43; Statement of Reasons at 1.)

The Court's imposition of a 132-month sentence represented a departure from the advisory guidelines range. (Statement of Reasons at 2.)

(2017) (holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause"). (Motion, ECF No. 79.)

After the Supreme Court decided *Beckles*, Petitioner authorized counsel to move to withdraw the section 2255 motion and dismiss it without prejudice. (Motion, ECF No. 81.) In May 2017, the Court granted the motion to withdraw and dismissed the petition without prejudice. (Order, ECF No. 84.) The Court noted that it "express[ed] no view on what impact, if any, this circumstance will have on any future claim the petitioner might make but, through the government's response, the petitioner has the benefit of the latter's view on the subject." (*Id.*)

Petitioner filed the pending section 2255 motion in October 2018. (Motion, ECF No. 87.) Petitioner challenges the prior vacated robbery conviction, based in part on *United States v. Mulkern*, 854 F.3d 87 (1st Cir. 2017) (holding that a Maine robbery conviction, 17-A M.R.S. § 651(1)(B), (C), is not a "violent felony" for purposes of the ACCA's "force clause," 18 U.S.C. § 924(e)(2)(B)(i)); Petitioner also asserts a related claim of ineffective assistance. (Motion at 4-5; Reply, ECF No. 94; Reply to Amended Response, ECF No. 95.)

The Government contends, among other arguments, that Petitioner's pending section 2255 motion is untimely. (Amended Response, ECF No. 93.)

## II. DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner filed his section 2255 motion in October 2018, which was after the one-year limitation period had expired under section 2255(f)(1). The Court entered judgment in November 2013 and Petitioner did not appeal. The one-year period, therefore, expired nearly four years before Petitioner filed his motion.

In addition, none of the other sections (2255(f)(2), (3), or (4)), is relevant to Petitioner's case. Specifically, Petitioner does not allege, nor does the record support, a finding that the Government imposed an unconstitutional or illegal impediment to a timely filing (section 2255(f)(2)); Petitioner does not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review (section 2255(f)(3));[2] and Petitioner does not allege newly-discovered facts in support of his section

---

[2] Petitioner contends his motion is timely under section 2255(f)(3), based on *Rosales-Mireles v. United States*, --- U.S. ---, 138 S. Ct. 1897 (2018) (concluding on appeal that "[i]n the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings"). (Reply, ECF No. 94.) Petitioner's timeliness argument fails because *Rosales-Mireles* did not establish a newly recognized right, and it is not retroactively applicable to cases on collateral review. *See Liburd v. United States*, No. 1:11-cr-00377-ELH, 2018 WL 5016609, at *2, 2018 U.S. Dist. Lexis 178096, at *5-6 (D. Md.

2255 claims (section 2255(f)(4)). Furthermore, Petitioner has not established a basis for equitable tolling. *See Dixon v. United States*, 729 F. App'x 16, 19 (1st Cir. 2018) (per curiam). Because Petitioner did not file the section 2255 motion within the applicable limitation period, dismissal of the motion is warranted.

### III. CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

Oct. 15, 2018) (noting the Supreme Court in *Rosales-Mireles* "did not establish a new rule that applies retroactively to collateral actions under § 2255").

In Petitioner's reply, he also contends the motion is timely under section 2255(f)(3) because it relates back, pursuant to Fed. R. Civ. P. 15, to his first section 2255 motion, which was dismissed without prejudice and was filed within one year of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), pursuant to section 2255(f)(3). (Reply, ECF No. 94 at 2-3.) Rule 15 provides in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out−or attempted to be set out−in the original pleading." Fed. R. Civ. P. 15(c)(1); *see United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005) (noting that "in the habeas corpus context, the Rule 15 'relation back' provision is to be strictly construed, in light of 'Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]'") (quoting *Mayle v. Felix*, 545 U.S. 644, 657 (2005)) (quotation marks omitted). First, Petitioner's first motion was dismissed and thus Petitioner's current motion does not constitute an amendment to a pleading. In addition, Petitioner's pending motion would not relate back to his *Johnson* claim and the ACCA residual clause at issue in *Johnson*; rather, Petitioner relies on *United States v. Mulkern*, 854 F.3d 87 (1st Cir. 2017), to challenge the underlying robbery conviction, and *Rosales-Mireles*, and thus Petitioner's claim is of a different type than the *Johnson* claim on which his prior section 2255 motion was based. *See Ciampi*, 419 F.3d at 23-24.

5

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of May, 2019.