# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:12-CR-66-DBH |
| ) | |
| WILLIE REMBERT, ) | |
| ) | |
| DEFENDANT ) | |

## ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

On June 2, 2020, Willie Rembert filed a motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A) (part of the First Step Act). (ECF No. 98). I denied the motion without prejudice on June 4 because Rembert did not state that he had made his request to the Warden and waited 30 days before filing, as the statute requires. Proc. Order on Def.'s Filing (ECF No. 100).[1] Now Rembert has filed a new motion where he states that he did make the request of the Warden. (ECF No. 102). He attaches that request, which reflects that his Unit Team received it May 5, 2020. Mot. Attachments at 2 (ECF No. 102-1). Rembert also attaches the Warden's response dated May 11, 2020. She wrote to Rembert: "your Risk of Recidivism remains High, which makes you ineligible." Id. at 1. The Warden's letter ends with the statement: "If you are not satisfied with this response to your request, you may commence an appeal of this decision via the

---

[1] The judges of this District have found that requirement to be mandatory. See, e.g., United States v. McIntosh, No. 2:16-cr-100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020); United States v. Morgan, No. 1:18-cr-197-LEW (D. Me. May 4, 2020); United States v. Crosby, No. 1:17-cr-123-JAW, 2020 WL 2044727, at *2 (D. Me. Apr. 28, 2020); United States v. Lugo, No. 2:19-cr-56-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020).

administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response." Id. Rembert does not say whether he has engaged the available administrative appeal.

The relevant part of the statute provides that a defendant can seek compassionate release from the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Obviously if the Warden does not act on a request within 30 days, a defendant like Rembert is free to go to court. But what if—as here—the Warden makes a timely decision? Can the defendant simply ignore it and proceed to court?[2] Or must the defendant then exhaust his administrative rights of appeal?

I join those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court. See, e.g., United States v. Saenz, No. 97CR2106, 2020 WL 2767558, at *2 (S.D. Cal. May 28, 2020) ("[B]ecause the warden acted on Defendant's request, no lapse has occurred."); United States v. Miller, No. 2:16-CR-00269, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures

---

[2] If so, does the court ignore the Warden's decision as well?

simply by waiting 30 days after filing his request, despite the warden timely acting on that request. In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."); United States v. Weidenhamer, No. CR-16-01072-001, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) ("[T]he better reading is to require administrative exhaustion if a warden acts on a request within 30 days. The statute requires a defendant submit a request to her warden. If the warden acts on that request in a timely manner, it is appropriate to require a defendant to pursue an administrative appeal."). But see United States v. York, No. 3:11-CR-76, 2019 WL 3241166, at *5-6 (E.D. Tenn. July 18, 2019).[3]

Since Rembert has not shown that he has fully exhausted his administrative rights to appeal the Warden's decision, his motion is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED THIS 19TH DAY OF JUNE, 2020**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] United States v. Gioeli, No. 08-cr-240, 2020 WL 2572191, at *2-3 (E.D.N.Y. May 21, 2020), describes the "split" on this issue among the district judges in the Second Circuit.