UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:12-CR-66-DBH |
| ) | |
| WILLIE REMBERT, ) | |
| ) | |
| DEFENDANT ) | |

### DECISION AND ORDER ON DEFENDANT'S MOTION
### FOR COMPASSIONATE RELEASE

Willie Rembert has moved to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] Def.'s Updated Pet. for Compassionate Release (ECF No. 115). As amended by the First Step Act, this so-called compassionate release provision allows a judge, without a BOP motion, to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction."[2] I have previously ruled that the Sentencing Commission's Guideline policy statement on this provision, 1B1.13 cmt. n.1(A), which the Commission has not changed to reflect the First Step Act,[3] "provides helpful guidance" but "is not ultimately conclusive given the statutory change." United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances

---

[1] I earlier granted his motion to appoint counsel. (ECF No. 111).
[2] Rembert has met the requirement that 30 days pass after the Warden receives his request. 18 U.S.C. § 3582(c)(1)(A).
[3] Currently, the Commission lacks a quorum to amend the Guidelines.

not specifically enumerated in the guidelines"). The Second Circuit has gone further and ruled that the Guideline policy statement applies only to motions brought by the Director of the Bureau of Prisons, not to motions for relief brought by defendants, and that nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," except that rehabilitation alone is not to be considered an extraordinary and compelling reason. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

I proceed therefore to assess whether Rembert has presented "extraordinary and compelling reasons" for his release. On November 20, 2013, I sentenced him to 132 months in prison for crack trafficking. Judgment (ECF No. 72). His projected release date now is September 5, 2021, with release to a halfway house March 5, 2021. Ex. 2 to Gov't's Resp. to Mot. for Compassionate Release (ECF No. 109-2).[4] According to the Revised Presentence Report prepared in connection with his 2013 sentencing, Rembert was born in 1974; he now is 46 years old. Rembert says that he has "a host of medical conditions including Evans syndrome, asthma, esophageal reflux, and gastritis—with Evans syndrome being the most significant of his afflictions" and that as "an African-American male," he is "disproportionately affect[ed]" by the COVID-19 virus. Def.'s Updated Pet. at 1. Rembert is imprisoned at FCI Jesup in Georgia. The BOP reports that FCI Jesup currently has 105 inmates and 19 staff positive for

---

[4] The BOP form actually says "home detention," but the government and Rembert both say he is scheduled for halfway house. Def.'s Reply to Gov't's Resp. to Updated Pet. at 7 (ECF No. 119); Gov't's Resp. to Mot. for Compassionate Release at 8 (ECF No. 109).

2

COVID-19, and 238 inmates and 3 staff who have recovered. See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Nov. 10, 2020), https://www.bop.gov/coronavirus/.

The spread of the COVID-19 pandemic and its threat in prison concern many people in this country, but the resulting fear of contracting it is not, in and of itself, an extraordinary and compelling reason to justify release from a prison sentence. There must be more. See United States v. Urrabazo-Maldonado, No. 20-3727, 2020 U.S. App. LEXIS 29873, at *3-4 (6th Cir. Sept. 17, 2020).

Here, Rembert's medical conditions, even combined with the pandemic's spread, do not amount to "extraordinary and compelling reasons" to release him early. The CDC does not describe people with Rembert's conditions as "at increased risk of severe illness from the virus," but rather as "might be at an increased risk."[5] People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020). These are not "extraordinary and compelling reasons."

As for Rembert's risks as an African American, Judge Levy of this Court has ruled that although, "as a demographic matter, people of color are being

---

[5] Asthma is listed in that category. Evans Syndrome is not specifically listed. I take judicial notice that according to the National Institutes for Health it is "a very rare autoimmune disorder in which the immune system destroys the body's red blood cells, white blood cells and/or platelets." National Institutes of Health, Evans Syndrome, https://rarediseases.info.nih.gov/diseases/6389/evans-syndrome (last visited Nov. 11, 2020). It affects people differently. Id. While immune system disorders are a concern for anyone, the CDC treats them in the increased risk category only if they result from a solid organ transplant. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020). Where they result from other causes, the CDC says they "might" increase the risk. Id. Rembert's medical records do not demonstrate current complications from Evans Syndrome.

3

disproportionately affected by COVID-19," the disparities "arise from longstanding and systemic social and economic disparities, such as access to healthcare," and "do not aid in assessing the individual medical risk for a person whose medical condition, social situation, and access to healthcare are specifically known."  Order on Mot. for Compassionate Release, <u>United States v. Hassan</u>, No. 2:16-cr-84-JDL, 2020 WL 6163125, at *3 (D. Me. Oct. 21, 2020) (ECF No. 169) (quotation marks omitted).  I apply that reasoning here; Rembert's medical condition, social situation, and access to healthcare are specifically known and are not "extraordinary and compelling reasons" for early release.

I understand Rembert's apprehension; but based on his medical condition, I **DENY** his motion for compassionate relief.

**SO ORDERED.**

**DATED THIS 11TH DAY OF NOVEMBER, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4