UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIE REMBERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:12-cr-00066-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 148.)[1] The Government asks the Court to dismiss the matter because Petitioner filed the motion after the limitations period expired. (Response, ECF No. 153.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In December 2001, a grand jury indicted Petitioner for possessing a firearm after having been convicted of a felony. (Indictment, 2:01-cr-00107-DBH-1, ECF No. 5.) Petitioner pled guilty, and in May 2002, the Court sentenced Petitioner to 126 months in

---

[1] Petitioner did not initially cite a statute or rule authorizing his motion. When the Government responded to the motion, the Government described the motion as a § 2255 motion. Throughout his reply memorandum, Petitioner referred to his motion as a § 2255 motion. (Reply, ECF No. 155.) Although Petitioner previously filed a § 2255 motion as to the original judgment, because this motion seeks relief from a revocation judgment, the second or successive bar (see 28 U.S.C. §§ 2244, 2255(h)) does not apply.

prison to be followed by four years of supervised release.  (Plea Agreement, 2:01-cr-00107-DBH-1, ECF No. 13; Judgment, 2:01-cr-00107, ECF No. 14.)

In April 2012, while serving his term of supervised release, Petitioner was arrested following several incidents prohibited by the conditions of release.  (Amended Petition on Supervised Release, 2:01-cr-00107-DBH-1, ECF No. 21.)  Later the same month, a grand jury indicted Petitioner for possessing with intent to distribute a mixture or substance containing cocaine base.  (Indictment, ECF No. 1.)  In November 2012, Petitioner admitted the violations in the revocation proceeding within the 2001 case and pled guilty to the charge in the 2012 case.  (Guilty Plea, ECF No. 38; Revocation Hearing, 2:01-cr-00107-DBH-1, ECF No. 65.)  In November 2013, the Court sentenced Petitioner to concurrent terms of fifty-one months in prison for the revocation in the 2001 case and 132 months in prison for the crime in the 2012 case, to be followed by three years of supervised release for the 2012 case.  (Judgment, ECF No. 72; Revocation Judgment, 2:01-cr-00107-DBH-1, ECF No. 69.)

In April 2023, while Petitioner was serving his term of supervised release from the 2012 case, the probation office initiated a revocation proceeding.  (Petition on Supervised Release, ECF No. 123.)  In May 2023, a grand jury indicted Petitioner on two counts of distributing or possessing with intent to distribute a mixture of substance containing cocaine base.  (Indictment, 2:23-cr-00045-SDN-1, ECF No. 3.)  In August 2023, Petitioner pled guilty to the charges in the 2023 case. (Guilty Plea, 2:23-cr-00045-SDN-1, ECF No. 24.)  In March 2024, Petitioner admitted the violations of the terms of supervised release, and the Court sentenced Petitioner to twelve months in prison for the violations.

(Revocation Hearing, ECF No. 145; Revocation Judgment, ECF No. 146.)  At the same time, the Court sentenced Petitioner to concurrent terms of fifty-four months in prison for the crimes in the 2023 case, to be served consecutively with the revocation sentence and to be followed by three years of supervised release.  (Judgment, 2:23-cr-00045-SDN-1, ECF No. 48.)

Petitioner subsequently filed the § 2255 motion challenging the revocation judgment in the 2012 case.

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claims do not rely on a right newly-

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because paragraphs (2), (3), and (4) of § 2255(f) do not apply, the limitations period began to run when Petitioner's revocation judgment became final.

The Court entered the revocation judgment on March 1, 2024. Petitioner then had fourteen days to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Petitioner's judgment became final following the expiration of the fourteen-day period on March 15, 2024. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that when a defendant does not pursue available appellate review, § 2255's one-year limitation period starts to run when the time for seeking such review expires). The limitation period for filing a section 2255 motion to challenge the judgment expired one year later, on March 15, 2025. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Petitioner signed his motion on November 12, 2025, and the Court received it on November 18, 2025, approximately eight months after the one-year limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*,

527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner does not allege any extraordinary circumstances that would support an equitable tolling finding.[2]

A sufficient showing of "actual innocence" can also provide "a gateway through which a petitioner may pass" to reach the merits of a postconviction challenge despite a procedural default or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish a gateway innocence claim, a petitioner must show that it is more likely than not that, "in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006) (discussing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner does not present any new evidence or argument bearing on the question of his guilt.

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because neither equitable tolling nor gateway actual innocence applies, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend that the Court dismiss

---

[2] Petitioner asserts in his reply that he was an inexperienced litigant, lacked counsel, was incarcerated, and had limited access to legal resources, but those circumstances do not support equitable tolling because they are not extraordinary. *See Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002); *Reyes-Rivera v. United States*, 530 F. Supp. 3d 189, 193 (D.P.R. 2021).

Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).[3]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of May, 2026.

---

[3] Petitioner asserted in his reply memorandum that his arguments are at least debatable regarding alleged errors in the imposition of revocation penalties and additional terms of supervised release. A review of the arguments fails to reveal any merit to Petitioner's arguments. In fact, some of Petitioner's arguments raise questions about the merit of his claims. For instance, he writes, "No First Circuit decision squarely forecloses Rembert's theory. Indeed, the only published authorities uniformly reject the precise argument Rembert advances." (Reply at 2.) He also asserts that "Rembert's 12-month revocation sentence was well within the class-B limit (3 years)" and that "his revocation sentence was statutorily authorized and not void." (*Id.*)